Filed 3/9/15  In re Gilbert R. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re GILBERT R., et al., Persons Coming Under the Juvenile Court Law. | B258683<br>(Los Angeles County Super. Ct. No. CK88014) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GILBERTO R.,<br><br>        Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Steven Klaif, Juvenile Court Referee.  Affirmed.

        Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

Gilberto R., father of 10-year-old twins Gilbert and Edward, appeals from the dependency court's disposition order placing the twins in the home of parent-mother. Father contends the court abused its discretion when it declined his request that custody be placed with both parents.[1]  We affirm.

## BACKGROUND

The facts in this case are relatively straightforward and generally undisputed.  An April 2014 police raid of mother's home lead to discovery of 22 marijuana plants in the twins' bedroom.  The plants belonged to one of the twins' half-brothers,[2] who was a suspected gang member.  Mother was not home at the time of the seizure of the marijuana plants, as she frequently spent the night at her boyfriend's residence.

Father is the biological parent of the twins, but is not the father of mother's other children.  Father lives in Oregon and had no contact with the twins since they were three years old.  Father shares a two bedroom apartment with a woman described as his "partner."  Father is employed and has no criminal history.  Father called the twins regularly during the course of the dependency proceedings, and had unmonitored visits.  The twins stated that they enjoyed talking to father.

A Welfare and Institutions Code section 300[3] petition was sustained under subdivision (b) (failure to protect) based on findings that (1) the twins (and mother's other children) had access to 22 marijuana plants in the home, mother knew of the plants,

---

[1] Only father has appeared on appeal.  Mother did not file a brief, and the Los Angeles Department of Children and Family Services informed this court that it takes no position on the merits of father's appeal.

[2] The twins have four half-brothers.   One of the half-brothers is an adult.  The other half-brothers are not parties to this appeal.

[3] All statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

and she failed to ensure the plants removal or destruction, and (2) mother made an inappropriate plan for care and supervision of the twins by leaving them, at times all night, in the care of the children's adult sibling, who grew the marijuana plants in the home.

The dependency court ordered the twins placed with mother at the disposition hearing.  Father was granted unmonitored visits in Los Angeles, with the issue of visits in Oregon deferred to a latter time. The court rejected father's request for placement with mother and father, along with primary custody given to mother.  Father argued he is a fit parent who is ready and able to care for the twins.  Father repeats the contention on appeal, arguing the court placed undue emphasis on the fact mother previously had physical custody, rather than considering the twins' best interest in determining placement.   We conclude the court did not abuse its discretion by ordering placement with mother, rather than with both parents.

## DISCUSSION

### *Standard of Review and Relevant Statutory Provisions*

"[U]nder section 304, the juvenile court has *exclusive* jurisdiction over custody and guardianship issues regarding a minor who is the subject of dependency proceedings." (*In re J.D.* (2013) 219 Cal.App.4th 1379, 1388.)  "When making a custody determination in any dependency case, the court's focus and primary consideration must always be the best interests of the child. [Citations.]  Furthermore, the court is not restrained by 'any preferences or presumptions.'  [Citations.]  Thus, for example, a finding that neither parent poses any danger to the child does not mean that both are equally entitled to half custody, since joint physical custody may not be in the child's best interests for a variety of reasons.  [Citation.]  By the same token, a finding that the parent from whom custody was removed no longer poses a risk of detriment or that the parent whose custody has been subject to supervision no longer requires supervision is relevant

3

to, but not necessarily determinative of, the best interests of the child." (*In re Nicholas H.* (2003) 112 Cal.App.4th 251, 268.) "[T]he juvenile court, which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child without any preferences or presumptions." (*In re Jennifer R.* (1993) 14 Cal.App.4th 704, 712.)

*Analysis*

Father's conduct during the dependency proceedings is commendable. He has begun to reestablish contact and relationships with the twins, and offers what appears to be a safe living environment in Oregon. Father's conduct, however, does not establish his right, as a matter of law, to legal custody of the twins.

There is abundant evidence in the record to support the dependency court's determination that it is in the best interest of the twins for mother to have sole legal custody. As reflected in the disposition report, mother has begun to take steps to resolve the problems that brought the twins before the court. She has started to make progress in counseling programs, completing six out of twelve parenting classes. She is on a waiting list for individual counseling. Mother has tested negative for drugs, with the lone exception being a missed test when mother forgot to bring identification and was not permitted to test. Although father has stepped forward recently, the fact remains that he has had no relationship with the twins for approximately seven years. Recent contact between father and the twins has consisted of telephone calls and unmonitored visits. Although contacts have been made, father is largely a stranger to the twins. The twins both expressed a strong preference for placement with mother and their half-siblings, with whom they reasonably feel comfortable. Taking all of these circumstances into account, the dependency court did not abuse its considerable discretion by concluding it is in the twins' best interest to be placed only with mother at this time.

We note that father has been granted visitation and other services. The dependency court specifically ordered that father be provided with enhancement services

and that he stay in contact with the twins.  Father was granted unmonitored visitation in Los Angeles, and his request for visitation in Oregon will be addressed in a progress report.  Father has an opportunity to establish meaningful father-son relationships with the twins, despite the current dispositional order granting custody to mother.

## DISPOSITION

The disposition order is affirmed.


KRIEGLER, J.


We concur:


TURNER, P. J.


GOODMAN, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.