[Civ. No. 12165.   First Dist., Div. One.   Sept. 23, 1942.]

Guardianship of the Person and Estate of DAVID STAN-
FORD RAPP, a Minor. JANIS RAPP, Appellant, v.
ANN PENDERGRAFT, as Guardian, etc., Respondent.

462

Leo R. Friedman for Appellant.

Joseph F. O'Malley for Respondent.

PETERS, P. J.—Janis Rapp appeals from an order refusing to vacate an order appointing Ann Pendergraft guardian of a minor and refusing to vacate the letters of guardianship issued on such order.

On November 24, 1941, Ann Pendergraft was appointed guardian of the minor, David, aged 12, upon her petition and testimony, and the testimony of Louis Rapp, the boy's father, that Ann was the aunt of the minor; that the mother was dead; that the father had no objection to the appointment, and that the minor had a trust fund of $5,000. Thereafter, on December 29, 1941, appellant Janis Rapp, filed a petition to vacate, alleging that she was the mother of the child; that no notice had been given to her of the application for letters of guardianship; that the order was based on perjured testimony. These charges were supported by her affidavit filed with the motion. The motion came on for hearing on January 5, 1942, on which date appellant filed an amended affidavit, in which she averred she was the "foster mother" of the minor, and that, since his birth and until the time of the guardianship, she had and was entitled to his care and custody. She urged, therefore, that under the provisions of section 1441 of the Probate Code she was entitled to notice of the guardianship proceeding, and that since such notice had not been given, the proceedings were void. That section requires that before making the order appointing the guardian reasonable notice must be given "to the person having the care of the minor and to such relatives of the minor residing in the state as the court or judge deems proper." There can be no doubt that if appellant was, in fact, the person "having the care" of the minor, she was entitled to notice under this section, and that the failure to give such notice where required is jurisdictional, rendering the order of appointment subject to a motion to vacate made within a reasonable time. (*In re Dahnke,* 64 Cal. App. 555 [222 Pac. 381].) The trial court having denied the motion to vacate, the question presented is whether the evi-

dence adduced at the hearing of the motion to vacate, together with the affidavits, show, as a matter of law, that appellant was, at the time of the guardianship proceeding, the person actually having the care of the minor. If the evidence does not show that fact, or if the evidence is conflicting on the issue, the order of the trial court refusing to vacate must; and should, be affirmed.

The child was born August 10, 1929. Louis Rapp testified at the guardianship proceedings, and on the hearing of the motion to vacate, that he was the father of the child and that his then wife, Helena Peterson Rapp, to whom he had been married in 1924, was the mother. The child's mother died three months after the child was born. In November of 1934, Louis Rapp married appellant, Janis Rapp. Appellant secured an interlocutory decree of divorce from Louis in October of 1941. The guardianship petition was filed November 18, 1941.

As already indicated, in her notice of motion and supporting affidavit appellant averred that she was the mother of the child. In her amended affidavit filed the morning of the hearing, she alleged that she is the "foster mother" of the minor. Appellant does not now urge that she was entitled to notice because of any blood relationship to the child. Her only complaint is that she was entitled to notice because she was the person having the care of the minor at the time of the guardianship proceeding.

In her petition for appointment as guardian Ann Pendergraft averred that she was the sister of Louis Rapp and aunt of the minor; that the minor has an estate of $5,000, consisting of a bank account in the name of Ann Pendergraft as trustee; that the minor is "temporarily domiciled" in a designated boarding school in San Mateo County "where said minor is boarding and receiving his education"; that the relatives of the minor are his father and herself. Based on this petition, notice was duly given to the father, to Ann Pendergraft, and to the administrative head of the boarding school. At the hearing of the guardianship petition the above facts were testified to by Ann Pendergraft and by Louis Rapp, and, in addition, Ann Pendergraft testified that the $5,000 was given to her by the minor's father and mother to constitute a trust fund for the child's education. In her affidavits in support of the motion to vacate appellant averred that the $5,000 was given to Ann Pendergraft

by appellant for the use and benefit of appellant, and that said sum constitutes no part of the estate of the minor. These allegations present no issue that could be litigated in this proceeding. The guardianship proceeding is not the proper place to determine title to that fund. (*In re Ochoa,* 50 Cal. App. (2d) 457 [123 P. (2d) 106].)

As already indicated, by amended affidavit filed on the morning of the hearing of her motion to vacate appellant alleged she was the ''foster mother'' of the minor and entitled to his care and custody. Louis Rapp had filed a counter-affidavit to the original affidavit filed by appellant, in which she had alleged she was the mother of the minor, in which he alleged she was not the mother, and that the child was in charge of a designated boarding school where he was receiving his education and being boarded and lodged. No counter-affidavits were filed to the amended affidavit of appellant, apparently because it was not filed until the hearing of the motion to vacate, so that no opportunity existed to file such counter-affidavit, inasmuch as the court denied the motion at the conclusion of the hearing.

On the hearing of the motion to vacate appellant called Louis Rapp as her sole witness. He testified that from the death of the child's mother in 1929 and until 1932 appellant took care of the child; that ''after about 1932 she had no further interest in the child at all, it has always been taken care of by me, or my family since, she has hardly gone near the child in all these years''; that he had sent the child to the boarding school because of appellant's lack of moral standards, and that he and appellant had paid the child's expenses at school. Appellant's argument is that, although she was not related to the child, since his expenses were partially defrayed by her, he must be deemed, as a matter of law, to have continued in her care and custody. While this is an argument that could be and undoubtedly was addressed to the trial court, we do not think that the evidence compels that conclusion as a matter of law. Appellant is seeking to vacate an order. It was up to her to make a clear and convincing showing that she was entitled to the child's custody at the time of the guardianship hearing, and therefore entitled to notice. The trial court knew that she had filed at least one false affidavit; that she had secured an interlocutory decree of divorce from the father of the minor; that she was not related to the child; that the affidavit of Louis Rapp contradicted hers in material respects, and that at the hear-

ing of the motion to vacate she had refrained from taking the stand as a witness. Under such circumstances, the trial court was justified in disbelieving her various affidavits, and in believing that appellant no longer was entitled to the care and custody of the child.

In apparent recognition of the fact that there is a conflict in the evidence on the sole issue presented to the trial court, appellant argues that on this motion to vacate where she "has made a prima facie showing that she is entitled to notice, a mere conflict in the evidence should not deprive her of the right to participate in the hearing that will result in the appointment of a proper guardian." That is and should not be the law. On such a hearing the burden was upon the moving party to make a clear and convincing showing that the order sought to be vacated had been improperly entered. This she failed to do. Under such circumstances, the order of the trial court cannot, and should not, be disturbed.

Appellant devotes a major portion of her brief to the contention that the bond posted by the guardian did not comply with either the requirements of the law or with the provisions of the order of the trial court appointing Ann Pendergraft guardian. Obviously, unless appellant was entitled to the care and custody of the minor, and we have already held that the finding that she was not is supported, she is in no position to raise this point. She has no legal interest in the controversy, and, therefore, may not secure the vacation of any order no matter how erroneous it may be.

The orders appealed from are affirmed.

Ward, J., and Wagler, J. pro tem., concurred.