[No. C054446. Third Dist. Oct. 23, 2007.]

In re ANGEL S., a Person Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
INEZ H., Defendant and Appellant.

**COUNSEL**

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert A. Ryan, Jr., County Counsel, and Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**BUTZ, J.**—Inez H., maternal great-aunt and former guardian of the minor, appointed by the probate court, appeals from orders of the juvenile court terminating the probate guardianship. (Welf. & Inst. Code, § 395.)[1] Appellant contends the juvenile court acted in excess of its jurisdiction in terminating the guardianship due to lack of proper notice and improper procedure. We shall affirm.

## FACTUAL BACKGROUND

Appellant was appointed probate guardian of the two-year-old minor in September 2004. Within months, the minor was hospitalized with severe head injuries inflicted while in the guardian's care, and the Sacramento County Department of Health and Human Services (DHHS) filed a petition to detain the minor. In August 2005, the court ordered reunification services for the guardian, who failed to complete her case plan and reunify with the minor. The court terminated services in February 2006, and set a section 366.26 hearing.

Reports for the hearing concluded the minor currently was not adoptable due to her mild mental retardation, developmental delays and behavioral problems, and that the minor should continue in long-term foster care in her current placement, which met her special needs. The social worker also recommended termination of the probate guardianship. The court adopted a permanent plan of long-term foster care.

In June, and again in September 2006, the court directed DHHS to file a motion to terminate the probate guardianship. However, it was not until November 2006 that DHHS filed a petition for modification pursuant to

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

section 388 to terminate the probate guardianship. The minor's attorney, the guardian, and the guardian's attorney were given notice of the petition. The court set the matter for hearing and ordered notice be given to the probate court and the guardian. The proof of service of the order shows a copy of the order was sent to the mother and the guardian, but not the probate court or the alleged father, whose address was unknown and who had not had contact with the minor.

At the December 2006 hearing, the court terminated the probate guardianship. Appellant objected to termination, but did not object to the process.

## DISCUSSION

## I

Appellant contends the 2006 orders terminating her probate guardianship must be reversed because the court failed to follow the statutory procedure for termination in that the application to terminate the probate guardianship was raised by a section 388 petition for modification,[2] rather than by a motion pursuant to section 728, and the father was not given notice of the guardianship termination proceeding. Appellant contends these errors are jurisdictional and lead to per se reversal.

As we shall see, the court and DHHS did not follow the statutory procedure for notice and termination. However, we conclude the errors are not jurisdictional in the fundamental sense and do not compel reversal.

### A. Termination of the Probate Guardianship

Section 728, subdivision (a) provides that "The juvenile court may terminate or modify a guardianship of the person of a minor previously established under the Probate Code . . . if the minor is the subject of a petition filed under Section 300 . . . . If the probation officer supervising the minor provides information to the court regarding the minor's present circumstances and makes a recommendation to the court regarding a motion to terminate or modify a guardianship established in any county under the Probate Code . . . , the court shall order the appropriate county department, . . . or county counsel, to file

---

[2] Section 388, subdivision (a) provides, in part: "Any parent . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. . . ."

the recommended motion. The motion may also be made by the guardian or the minor's attorney. [¶] The hearing on the motion may be held simultaneously with any regularly scheduled hearing held in proceedings to declare the minor a dependent child . . . or at any subsequent hearing concerning the dependent child . . . . Notice requirements of Section 1511 of the Probate Code shall apply to the proceedings in juvenile court under this subdivision."

Section 728 specifies the juvenile court's authority to terminate a probate guardianship. The procedure described in the statute and explanatory note contemplates two steps. (§ 728, subd. (a); Cal. Rules of Court, rule 5.620(e).) First, the probation officer or social worker makes a recommendation to the court to terminate the probate guardianship. (§ 728, subd. (a); Cal. Rules of Court, rule 5.620(e).) This can be done by filing a petition for modification (§ 388), which includes evidence of the minor's present circumstances and a recommendation regarding the termination of the probate guardianship. (*Ibid.*) Upon receiving the recommendation, the court must order the appropriate agency or county counsel to file a motion pursuant to section 728. (§ 728, subd. (a); Cal. Rules of Court, rule 5.620(e).) In preparing the motion, the agency or county counsel will be able to contact the probate department of the appropriate county to ascertain those individuals to whom notice should be given. Once the motion, with proper proofs of service, is before the juvenile court, the juvenile court then makes a determination whether to enter an order terminating the probate guardianship. The two-step process ensures that all interested parties have an opportunity to appear in the juvenile court and be heard on the matter.

Here, the court twice directed DHHS, the appropriate county department, to file a motion to terminate the probate guardianship. Instead, DHHS filed a petition for modification pursuant to section 388.

According to section 388, the purpose of the petition is to "change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." (§ 388, subd. (a).) A probate guardianship is not established by an order previously made by the juvenile court; thus, its termination or modification cannot be accomplished by a petition for modification brought under section 388. If section 388 were applicable, there would be no need for the exclusive procedures set forth in section 728. (*People v. Comingore* (1977) 20 Cal.3d 142, 147 [141 Cal.Rptr. 542, 570 P.2d 723] [statute should be interpreted with reference to the system of law of which it is a part]; *Isobe v. Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 590–591 [116 Cal.Rptr. 376, 526 P.2d 528] [construe related statutes together to achieve legislative purpose].)

The two procedures are also distinct in the proof required. To justify granting a Welfare and Institutions Code section 388 petition for modification, the moving party must show changed circumstances and that the proposed order is in the best interests of the minor. (*In re Michael B.* (1992) 8 Cal.App.4th 1698, 1703 [11 Cal.Rptr.2d 290].) However, termination of a probate guardianship may be granted by showing only that it is in the best interests of the minor to do so. (Prob. Code, § 1601.) This is the sole criterion for termination of a probate guardianship. (*Guardianship of L.V.* (2006) 136 Cal.App.4th 481, 491 [38 Cal.Rptr.3d 894].) While in many cases, the two standards will be functionally equivalent, they need not be, and reliance upon the standards for section 388 introduces an unnecessary element into the court's decisionmaking process. DHHS did not follow the correct procedure in seeking to terminate the probate guardianship.

### B. Notice

■ The second aspect of compliance with Welfare and Institutions Code section 728 deals with notice of the proceedings. As stated above, section 728 requires the party seeking to terminate the probate guardianship to follow the notice procedure of Probate Code section 1511. Section 1511 provides that "at least 15 days before the hearing . . . notice of the time and place of the hearing shall be given . . . ." (Prob. Code, § 1511, subd. (a).) Notice must be served on the minor, any person having legal custody of the minor, the parents of the minor, and any person nominated as a guardian for the proposed ward. (Prob. Code, § 1511, subd. (b)(1)–(4).) Notice must also be sent to the minor's relatives who are named in the petition for guardianship, the person having the care of the minor if other than the minor's legal custodian and to the minor's Indian custodian or tribe. (Prob. Code, § 1511, subd. (c).) Notice need not be given to any of the above individuals if the court determines that the person cannot with reasonable diligence be given notice or if giving notice would be contrary to the interest of justice. (Prob. Code, § 1511, subd. (g).) Proof of notice or excusal of notice must be made before the court can appoint a guardian. (Prob. Code, § 1511, subd. (h).)

Appellant's petition for appointment of guardian named the minor's parents, half siblings and maternal grandparents, but stated that the paternal grandparents were unknown. Appellant evidently established due diligence in her attempts to serve the parents and the probate court found all required notices had been given when it issued letters of guardianship. In contrast, when seeking to terminate the probate guardianship, DHHS sent notice only to the minor's mother, appellant and appellant's counsel with no suggestion that any attempt was made to serve the other persons named in the petition for probate guardianship.

## C. Jurisdictional Considerations

Appellant contends that, because of the errors in procedure and notice, the court acted in excess of its jurisdiction and the order terminating the probate guardianship is reversible per se.

■ "In its fundamental sense, 'jurisdiction' refers to a court's power over persons and subject matter. [Citation.] Less fundamentally, 'jurisdiction' refers to a court's authority to act with respect to persons and subject matter within its power. [Citation.] Issues relating to jurisdiction in its fundamental sense indeed may be raised at any time. [Citations.] By contrast, issues relating to jurisdiction in its less fundamental sense may be subject to bars including waiver . . . [citation] and forfeiture . . . [citation]." (*People v. Mower* (2002) 28 Cal.4th 457, 474, fn. 6 [122 Cal.Rptr.2d 326, 49 P.3d 1067].) "The concept of jurisdiction embraces a large number of ideas of similar character, some fundamental to the nature of any judicial system, some derived from the requirement of due process, some determined by the constitutional or statutory structure of a particular court, and some based upon mere procedural rules originally devised for convenience and efficiency, and by precedent made mandatory and jurisdictional." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 291 [109 P.2d 942].) The latter two categories in particular can give rise to acts by the court in excess of jurisdiction, i.e., acts which do not comply with a particular statutory procedure or applicable rules. (*Ibid.*) Acts in excess of jurisdiction are not void in any fundamental sense but are, at most, voidable if properly raised by an interested party. (*Conservatorship of O'Connor* (1996) 48 Cal.App.4th 1076, 1088 [56 Cal.Rptr.2d 386]; *In re Christian J.* (1984) 155 Cal.App.3d 276, 280 [202 Cal.Rptr. 54].)

Because the minor, as a ward of a probate guardianship, was also the subject of a dependency petition, the juvenile court had fundamental jurisdiction to exercise its power to terminate the probate guardianship. (§ 728.) The sole remaining question is whether the failures to follow the procedure described in section 728, noted above, are voidable by appellant. We conclude that they are not.

We have previously observed that a section 388 petition is not the proper vehicle to seek termination of a probate guardianship in the juvenile court. However, the requirement of a motion rather than a petition for modification is not fundamental to the structure of the dependency scheme, but a mere procedural requirement and, thus, is subject to forfeiture for failure to object. Not only did appellant fail to object to the procedure utilized by DHHS, it is difficult to discern any prejudice to appellant by use of the improper procedure since, as we have seen, the petition for modification subjected DHHS to a greater burden of proof than a simple motion would have.

As to the question of notice, appellant cannot establish that she is an interested party. Appellant received notice, it is the alleged father who did not. The cases which hold that the failure to comply with the notice requirements, such as those in Probate Code section 1511, compel reversal are cases where the party was denied notice and asserted his or her own right to notice of the proceedings either in the trial court or on appeal. It is only in that context where failure to follow the statutory notice procedure compels reversal. (See, e.g., *Guardianship of Debbie V.* (1986) 182 Cal.App.3d 781, 783, 788 [227 Cal.Rptr. 554]; *Guardianship of Pankey* (1974) 38 Cal.App.3d 919, 938 [113 Cal.Rptr. 858]; *Guardianship of Rapp* (1942) 54 Cal.App.2d 461, 462 [129 P.2d 130]; *In re Arkle* (1928) 93 Cal.App. 404, 407–408 [269 P. 689]; *In re Dahnke* (1923) 64 Cal.App. 555, 557–559 [222 P. 381].)

■ The errors complained of do not involve the dependency court's fundamental jurisdiction of the subject and the parties. Appellant has forfeited the ability, or lacks standing, to complain of acts in violation of the statutes that define the dependency court's jurisdiction to terminate probate guardianships. There is no basis to reverse the juvenile court's order terminating the probate guardianship for failure to follow statutory procedures.

## II

Appellant also argues that notice of the termination proceedings should have been given to the probate court.

Section 728, subdivision (b) states that: "If the juvenile court decides to terminate . . . a guardianship previously established under the Probate Code . . . , the juvenile court shall provide notice of that decision to the court in which the guardianship was originally established." This requirement permits the probate court to maintain the accuracy of its own records, avoids confusion between the courts and may provide additional notice to parties who were of record in the probate proceeding. (*Ibid.*)

Given that appellant did have notice and opportunity to be heard before the guardianship was terminated, it is difficult to see how any delay in notice to the probate court of the outcome of the hearing could have affected her at all. Appellant lacks standing to assert error resulting from failure to comply with this statute.

## DISPOSITION

The orders of the juvenile court are affirmed.

Davis, Acting P. J., and Robie, J., concurred.

On November 13, 2007, the opinion was modified to read as printed above.