Filed 6/15/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re Z.F., a Person Coming Under the Juvenile Court Law. | C076664 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> V.T., <br><br> Appellant. | (Super. Ct. No. JD233256) |

APPEAL from a judgment of the Superior Court of Sacramento County, Jerilyn Borack, Judge. Affirmed.

Monica Vogelmann, under appointment by the Court of Appeal, for Appellant.

John F. Whisenhunt, County Counsel, and Scott M. Fera, Deputy County Counsel, for Plaintiff and Respondent.


Appellant V.T. is the minor's maternal grandmother and former legal guardian by appointment of the probate court. The sole contention raised in this appeal is whether the

1

juvenile court was required to articulate the applicable standard of proof when it found termination of the probate guardianship to be in the best interest of the minor. We ordered supplemental briefing on the appropriate standard of proof when terminating a probate guardianship. Although the parties argue the applicable standard is by clear and convincing evidence, we disagree for reasons we explain.

While this appeal was pending, the juvenile court entered a separate order terminating parental rights. In their supplemental briefs, both parties argue that the case is not moot and should not be dismissed. Because the issue presented in this appeal is of continuing public interest and likely to recur, we will decide this case on the merits without deciding whether it is otherwise moot. We will affirm the order.

## I. BACKGROUND

Minor Z.F. was born in February 2012. Later that year, appellant was appointed her legal guardian by a probate court. The minor's parents did not visit the minor after the establishment of the guardianship.

On April 23, 2013, the Sacramento County Department of Health and Human Services (DHHS) filed a Welfare and Institutions Code section 300 petition[1] on behalf of the one-year-old minor, alleging appellant had neglected the minor on several occasions in a manner which put the minor at substantial risk of serious harm. The juvenile court declared the minor a dependent child of the court, placed the minor in foster care, and ordered reunification services for appellant.

Appellant failed to reunify and in March 2014, the juvenile court terminated appellant's reunification services and set a section 366.26 hearing regarding terminating parental rights for the minor's parents. In April 2014, DHHS filed a "Motion Pursuant to Welfare and Institutions Code section 728 to Terminate a Probate Guardianship." The

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

motion was based on the allegations that appellant was either unwilling or unable to care for the minor, appellant had failed to succeed in reunification services, the juvenile court had ordered that return of the minor to appellant's custody would create a substantial risk to the minor, and a permanent plan of adoption was appropriate and being pursued on behalf of the minor. At the May 2014 hearing on the motion, the juvenile court found termination of the probate guardianship was in the minor's best interests and terminated the guardianship.

## II. DISCUSSION

### A. *Mootness*

In September 2014, during the pendency of this appeal, the juvenile court entered an order terminating parental rights and freeing the minor for adoption. No appeal was taken from this order and we took judicial notice of the order. We also requested supplemental briefing from the parties on whether this appeal had been rendered moot by the order terminating parental rights. (See *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315 ["[w]hen no effective relief can be granted, an appeal is moot and will be dismissed"].)

Both parties take the position that the appeal is not moot, contending that termination of parental rights does not affect a guardianship, and therefore a reversal by this court would effectively reinstate appellant's guardianship. Without deciding whether the case is otherwise moot, we will reach the merits because the issue of which standard of proof governs the termination of a probate guardianship is one of continuing public interest that is likely to recur. (See *Liberty Mut. Ins. Co. v. Fales* (1973) 8 Cal.3d 712, 715-716.)

### B. *Guardianships for Minor Children*

California law recognizes two types of guardianships pertaining to minor children governed by two separate statutory schemes. The guardianship at issue in this case was established by the probate court, before the commencement of dependency proceedings,

3

under the authority of the Probate Code.  (Prob. Code, § 1514; *Guardianship of Zachary H.* (1999) 73 Cal.App.4th 51, 61.)  Juvenile courts may also create guardianships under the authority of the Welfare and Institutions Code.  (§ 366.4, subd. (a); *In re Heraclio A.* (1996) 42 Cal.App.4th 569, 575-576.)  We refer to these two types of guardianships as "probate guardianships" and "dependency guardianships," respectively.

Recognizing that probate guardianships and dependency guardianships exist under separate statutory schemes is important background for a discussion of the appropriate procedures for termination.  For example, a juvenile court proceeding to terminate a *dependency* guardianship is initiated by filing a petition to terminate legal guardianship. (§ 366.3, subd. (b).)  The contents of a petition to terminate a dependency guardianship are the equivalent of that for a section 388 petition for modification.  (Cal. Rules of Court, rules 5.740(c), 5.570;[2] see also *In re Carrie W.* (2003) 110 Cal.App.4th 746, 757; *In re Alicia O.* (1995) 33 Cal.App.4th 176, 182-183 (*Alicia O.*).)  In other words, the petitioning party must show there is a changed circumstance or new evidence warranting modification of a prior court order, *and* that the proposed change would promote the best interests of the dependent child.  (§ 388, subds. (a) & (b).)  The standard of proof for the petitioning party is proof that the proposed change is in the best interests of the minor by a preponderance of the evidence.  (Rule 5.570(h)(1)(D); *In re Stephanie M*. (1994) 7 Cal.4th 295, 317; see also *In re Michael D.* (1996) 51 Cal.App.4th 1074, 1078.) However, the standard for *removal* by the government of the minor from a legal guardian is clear and convincing evidence.  (§§ 361, subd. (c)(1), 387; *Kimberly R. v. Superior Court* (2002) 96 Cal.App.4th 1067, 1077; *In re Michael D.*, *supra*, at pp. 1084-1085.)

The procedure for terminating a *probate* guardianship in a dependency proceeding is set forth in section 728 and rule 5.620(e).  (*In re Angel S.* (2007) 156 Cal.App.4th

---

[2]  Undesignated rule references are to the California Rules of Court.

1202, 1206-1208.) Section 728, subdivision (a) provides a juvenile court with the authority to terminate a probate guardianship at the request of the probation officer, guardian or minor's attorney. (*In re Merrick V.* (2004) 122 Cal.App.4th 235, 253 [Where a minor is the subject of a section 300 petition, the juvenile court may terminate the minor's probate guardianship on noticed motion at any stage of the dependency proceedings].) Unlike the procedure for terminating a dependency guardianship, under Probate Code section 1601, it is the best interests of the child *only* that govern whether the trial court should terminate a probate guardianship. (*Guardianship of L.V.* (2006) 136 Cal.App.4th 481, 489; see also *In re Angel S.*, *supra*, 156 Cal.App.4th at p. 1208.)[3] No heightened standard of proof is required by statute to terminate a probate guardianship. Again, *removal* of the minor from the probate guardian's custody requires clear and convincing evidence that grounds for removal exist. (§ 361, subd. (c).)

C.     *Standard of Proof*

The minor here had been removed from appellant's custody in April 2013. The parties' focus is whether the juvenile court was required to articulate the applicable standard of proof when it terminated appellant's probate guardianship a year later, after reunification efforts failed. In entering its order terminating the minor's probate guardianship, the juvenile court stated: "Under the circumstances as they exist today the Court finds good cause to grant the motion and finds that termination of the guardianship would be in the child's best interest."

Appellant argues that the party filing the section 728 motion is required to prove by clear and convincing evidence that termination of the guardianship was in the minor's

---

[3] Probate Code section 1601 provides that, "[u]pon petition of the guardian, a parent, the ward, or, in the case of an Indian child custody proceeding, an Indian custodian or the ward's tribe, the court may make an order terminating the guardianship if the court determines that it is in the ward's best interest to terminate the guardianship."

5

best interests and complains that the juvenile court did not articulate that standard, suggesting that it made its findings only by a preponderance of the evidence.

As we have explained, the sole ground for terminating a probate guardianship is that it is in the best interests of the minor to do so. (Prob. Code, § 1601; *In re Angel S., supra*, 156 Cal.App.4th at p. 1208.) Because section 728, Probate Code section 1601, and rule 5.620 are silent with respect to standard of proof, the default standard of preponderance of the evidence applies. (Evid. Code, § 115; *Weiner v. Fleischman* (1991) 54 Cal.3d 476, 483 [" 'Except as otherwise provided by law,' " issues of fact are determined by a preponderance of the evidence (italics omitted)].) Thus, we conclude that where, as here, the juvenile court is terminating a probate guardianship pursuant to section 728, the best interests of the minor finding need only be made by a preponderance of the evidence.

*Alicia O., supra*, 33 Cal.App.4th at page 183, on which the parties rely, is inapposite for at least two reasons, which we explain below. *Alicia O.* addressed the issue of whether appellants, who had been appointed the minor's legal guardians by the juvenile court, were entitled to reunification services before the termination of their guardianship. (*Id.* at p. 181.) In that context, *Alicia O.* recounted the relevant statutes, including former rule 1432(f) (now rule 5.570(h)), which required that grounds for removal of the child from his or her legal guardian be shown by clear and convincing evidence. (*Alicia O., supra*, 33 Cal.App.4th at p. 183.)

The quote from *Alicia O.*, upon which the parties rely, was set forth in a discussion of appellant's claim that a separate hearing should have been held before the guardianship was terminated. The quote reads, in full: "There is no support for appellants' assertion that a separate hearing was required on the petition to terminate guardianship apart from the dispositional hearing that the court conducted . . . . The purpose of that hearing was to determine the best disposition for Alicia in view of appellants' admission that they had improperly disciplined the two boys. Whether

characterized as a hearing on the section 300 petition or on the petition to terminate the guardianship, DCS was still required to prove by clear and convincing evidence that termination of the guardianship was in Alicia's best interest." (*Alicia O., supra*, 33 Cal.App.4th at p. 183, citing former rule 1432(f) & former § 361, subd. (b).)

First and foremost, *Alicia O.* speaks to a different kind of guardianship—a dependency guardianship—and holds that the procedure to terminate such a guardianship does not mandate reunification efforts. The applicable standard of proof for termination of such a guardianship, much less termination of a probate guardianship, was not at issue in *Alicia O.* Cases are not authority for propositions not considered therein. (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1278.)

Further, as we have explained in *In re Angel S., supra*, 156 Cal.App.4th at pages 1206-1208, section 388 is not the proper vehicle for terminating a previously established probate guardianship in a dependency case.[4] A probate guardianship is not established by an order previously made by the juvenile court, and its termination or modification cannot be accomplished by a petition for modification brought under section 388. (*In re Angel S., supra,* at p. 1207.) The statute that allows a dependency court to terminate a probate guardianship is section 728. Ultimately, neither section 728, Probate Code section 1601, nor rule 5.620—the rules which govern the termination of a probate guardianship during a dependency proceeding—require that the best-interest finding be made by clear and convincing evidence. Thus, as we have discussed above, the default standard of preponderance of the evidence applies.

---

[4] Section 388, subdivision (a)(1) provides in part: "Any parent . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court."

Finally, the relevant passage of *Alicia O.*—even when applied in cases involving dependency guardianship—is perhaps a bit too broad. We agree that because the facts presented in *Alicia O.* involved a *simultaneous* determination of the propriety of removal of the child from the guardian *and* termination of the guardianship, the standard of proof was clear and convincing evidence. This is because the proof required for the *removal* of a child from his or her parent or guardian, regardless of what stage in the procedure it occurs, is clear and convincing evidence of detriment. (Rule 5.570(h)(1)(A); *In re Michael D., supra*, 51 Cal.App.4th at p. 1085.) Here, however, removal of the child from the guardian had occurred in the past. At the time the disputed finding was made, terminating appellant's probate guardianship, the termination alone was before the juvenile court, and not the removal.

For these reasons, we conclude the juvenile court did not err in failing to articulate the standard of proof when it terminated the probate guardianship in the minor's best interests. The default standard of preponderance of the evidence was the correct standard to apply.

## III.  DISPOSITION

The orders of the juvenile court are affirmed.


/S/

_____

RENNER, J.


We concur:


/S/

_____

ROBIE, Acting P. J.


/S/

_____

DUARTE, J.


9