Filed 6/8/22  M.C. v. Superior Court CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| M. C.,<br><br>       Petitioner,<br><br>   v.<br><br>THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,<br><br>       Respondent;<br><br>SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY et al.,<br><br>       Real Parties in Interest. | C094835<br><br>(Super. Ct. No. STKJDDP20210000167) |

M. C. (petitioner), the guardian and grandmother of the minor, seeks an extraordinary writ to vacate the juvenile court's orders made at the dispositional hearing terminating her guardianship and setting a hearing pursuant to Welfare and Institutions Code[1] section 366.26.  (Cal. Rules of Court, rule 8.452.)  In addition to contesting the termination of her guardianship, petitioner contends there was insufficient evidence to support one of the jurisdictional findings, that she should have been found to be the

---

[1]  Further section references are to the Welfare and Institutions Code.

1

minor's presumed mother, and that there was inadequate compliance with the notice provisions of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.) We issued a stay of the section 366.26 hearing and requested supplemental briefing addressing the following: "1. What specific procedures, if any, were required to be followed prior to terminating petitioner's guardianship? [¶] 2. If any specific procedures were required prior to terminating petitioner's guardianship, were they adhered to in this case? [¶] 3. If required procedures to terminate petitioner's guardianship were not adhered to, what is the appropriate remedy?" We shall now deny the petition without issuance of an order to show cause because no prima facie showing for relief was made and we shall vacate the stay. (See *Sipper v. Urban* (1943) 22 Cal.2d 138, 141 [application for writ required showing of prima facie case entitling petitioner to relief]; *California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1155 [same]; *Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1509 [issuance of an alternative writ or order to show cause not required in every extraordinary writ proceeding]; *Kowis v. Howard* (1992) 3 Cal.4th 888, 893 [upon ascertaining that petition is in proper form and states a basis for relief, court may issue an alternative writ or order to show cause].)

Petitioner's contention that the inquiry and notice provisions of the ICWA were not satisfied is premature because it does not appear the juvenile court made an ICWA ruling at or before the challenged dispositional hearing as to whether ICWA applied to the proceedings. The most recent juvenile court order related to the ICWA is the transfer out order that "[t]he court has not yet determined whether ICWA is applicable." Any opinion we could give on the adequacy of the inquiry and/or notice would be advisory. (See *People v. Buza* (2018) 4 Cal.5th 658, 693 ["We . . . abide by . . . a ' "cardinal principle of judicial restraint -- if it is not necessary to decide more, it is necessary not to decide more" ' "]; cf. *Safai v. Safai* (2008) 164 Cal.App.4th 233, 242-243 ["The Trustees have advanced no particular reason why this court should rule on those objections in the

2

first instance, when there is nothing to indicate that the trial court will not fulfill its duty at some future time"]; *Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 171 [ripeness doctrine generally prevents courts from issuing purely advisory opinions on matters before the controversy between the parties has become sufficiently " 'definite and concrete' "].)  Any perceived deficiencies with ICWA inquiry and noticing may be raised and resolved during the normal course of the ongoing dependency proceedings.

Petitioner's contention that the evidence does not support the section 300, subdivision (d), jurisdictional allegation is not well-taken.[2]  The record reflects petitioner knew or should have known that the minor was at risk in the home of the mother and mother's boyfriend, yet she and the minor remained in the home and petitioner continued to expose the minor to unsupervised contact with mother and her boyfriend, even after the minor repeatedly disclosed sexual abuse.  Indeed, petitioner moved (temporarily) into mother and her boyfriend's home, *with the minor*, after minor's repeated reports of sexual abuse and knowing of mother's ongoing substance abuse.

We also reject petitioner's contention that the juvenile court erred in not declaring her to be the minor's presumed mother.  First, as the juvenile court remarked, it was "asked all of a sudden to determine a presumed parent status."  Petitioner did not formally move to be found the minor's presumed mother.  Her counsel merely requested it during closing argument as an alternative means of entitling and providing petitioner with reunification services, should the court determine that guardians are not entitled to reunification services pursuant to section 361.5.  Moreover, the evidence supports the juvenile court's denial of presumed parent status.  Although petitioner had been the minor's guardian since the minor's infancy, she did not consistently hold the minor out as

---

[2]     Petitioner does not contest the remaining grounds for jurisdiction and requests only that the section 300, subdivision (d), finding be stricken.

3

her own. Many people knew she was the minor's guardian, not parent. Petitioner testified the minor referred to her both as "mommy" and "grandma," and referred to mother as "mama" or "Cassie." The minor had frequent contact with her biological mother and has always known she was her mother. Most importantly, the evidence established petitioner still considered mother to be the minor's mother and, therefore, facilitated visits between minor and mother with the purpose of "reunification," which she believed was within her discretion.

Regarding the termination of petitioner's probate guardianship, we disagree with petitioner that the juvenile court did not have the authority to terminate her guardianship without first providing her with reunification services. Had the juvenile court not terminated petitioner's probate guardianship, petitioner would have been entitled to reunification services. (§ 361.5, subd. (a).) But section 728 expressly provides the juvenile court with authority to terminate a probate guardianship at any stage of the proceedings. (§ 728; Cal. Rules of Court, rule 5.620; *In re Merrick V.* (2004) 122 Cal.App.4th 235, 253.) Those procedures provide for notice to the guardian and other interested parties of the request to terminate the guardianship, an opportunity for those individuals to be heard, and evidence to be presented for the court to determine whether termination of the guardianship is in the minor's best interest. (§§ 728, subd. (a), 294; Cal. Rules of Court, rule 5.620.) The hearing on the motion may be held simultaneously with any regularly scheduled hearing held in proceedings to declare the minor a dependent child, or at any subsequent hearing concerning the dependent child. (§ 728, subd. (a).)

Concededly, the juvenile court and San Joaquin County Human Services Agency did not utilize the section 728 process to terminate petitioner's guardianship in this case. However, the failure of the juvenile court and San Joaquin County Human Services Agency to do so did not result in a failure to provide timely notice to petitioner, deprive petitioner of the opportunity to be heard, or result in the court's failure to determine

4

whether termination of the guardianship was in the minor's best interest.  Thus, while the failure to proceed in accordance with section 728 was error, it did not result in a miscarriage of justice or violation of due process; nor did petitioner object to going forward with consideration of the matter at the contested disposition hearing, in the absence of the filing of a section 728 motion.  Accordingly, reversal is not required.  (See *In re Angel S.* (2007) 156 Cal.App.4th 1202, 1206-1210; see also *In re James F.* (2008) 42 Cal.4th 901, 918 ["[i]f the outcome of a [dependency] proceeding has not been affected, denial of a right to notice and a hearing may be deemed harmless and reversal is not required"].)

Finally, the parties agree that the juvenile court is required to notify the probate court of its termination of petitioner's guardianship.  (§ 728, subd. (b); Cal. Rules of Court, rule 5.620(e).)  Should the juvenile court decline to do so, the parties may seek appellate intervention at that time.

## DISPOSITION

The petition for extraordinary writ is denied.  Having served its purpose, the stay of the section 366.26 hearing is vacated.


                                            /s/
                                            Robie, Acting P.J.


We concur:



 /s/
Duarte, J.



 /s/
Renner, J.

5