Filed 2/19/26  M.K. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| M.K.,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>    Respondent;<br><br>MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>    Real Party in Interest. | F090734<br><br>(Super. Ct. No. 24JP-00090-A)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Mark V. Bacciarini, Judge.

M.K., in pro. per., for Petitioner.

No appearance for Respondent.

Forrest W. Hansen, County Counsel, and Ann Hanson, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Peña, J. and DeSantos, J.

Petitioner M.K. (guardian), in propria persona, seeks an extraordinary writ (Cal. Rules of Court,[1] rule 8.452) from the juvenile court's orders made at a combined six- and 12-month reunification review hearing held pursuant to Welfare and Institutions Code[2] section 366.22, subdivisions (e) and (f), terminating her reunification services and guardianship and setting a section 366. 26 hearing for minor, A.K.  Guardian contends she was not provided proper notice that her guardianship would be terminated and that educational rights would be assigned to A.K.'s care provider in violation of her due process rights.[3]

We deny the petition and lift the stay on the section 366.26 hearing, filed by this court on January 27, 2026.

**FACTUAL AND PROCEDURAL BACKGROUND**

At the time the underlying juvenile dependency proceedings were initiated, A.K. was four years old and resided with guardian, who is also her maternal grandmother, under a legal guardianship established by the probate court.

In August 2024, real party in interest, Merced County Human Services Agency (agency), filed a juvenile dependency petition on behalf of A.K. alleging she came within the juvenile court's jurisdiction under section 300, subdivisions (a) (nonaccidental infliction of serious physical harm), (b)(1) (failure to protect), (c) (serious emotional damage), and (g) (no provision for support).  The petition alleged several supporting facts

---

[1]     All further rule references are to the California Rules of Court.

[2]     All further undesignated statutory references are to the Welfare and Institutions Code.

[3]     A.K.'s mother separately seeks an extraordinary writ from the orders made at this hearing in *A.K. v. Superior Court* (F090767).  We limit our factual recitations to the facts relevant to the issue guardian raises.

pertaining to guardian and A.K.'s parents.[4]  A.K. was detained from guardian's care and placed into foster care and eventually a maternal relative's home.

At the detention hearing conducted on August 15, 2024, the juvenile court ordered that A.K. remain detained from the guardian and the parents and ordered the guardianship suspended.

On January 21, 2025, the juvenile court conducted a contested, combined jurisdiction/disposition hearing as to A.K.  The court sustained the dependency petition and found that A.K. came within the provisions of section 300, subdivisions (a), (b)(1), (c), and (g).  For disposition, the court declared A.K. a dependent, ordered her removed from guardian's custody, and that guardian participate in reunification services pending psychological evaluations to determine whether reunification services would be beneficial.  Guardian's case plan included domestic violence services, general counseling, parenting classes, and drug testing.[5]  A.K.'s parents were denied reunification services.

The agency subsequently reported in its six-month status review report dated July 9. 2025, that guardian underwent two psychological evaluations.  Both evaluators opined guardian was suffering from a mental disorder that affected her ability to parent and that she was incapable of benefiting from reunification services.  Guardian was otherwise partially in compliance with her case plan; she had not enrolled in a domestic violence assessment or general counseling, had registered for parenting classes but had not started attending, and provided a negative drug test.  She consistently attended

---

[4]     The petition also alleged A.K.'s infant sibling came within the juvenile court's jurisdiction.  A.K.'s sibling is a not subject of this writ proceeding, and we omit facts pertaining to her to the extent they are not relevant to this petition.

[5]     Guardian appealed from the juvenile court's dispositional order.  This appeal is currently pending before this court in *In re A.K. et al.* (F089297).

supervised visitation with A.K. but was observed to have difficulty redirecting her and setting boundaries.

In its report, the agency recommended, as relevant here, that the juvenile court: (1) terminate/no longer offer guardian services pursuant to section 361.5, subdivision (b)(2)[6] due to the conclusion of the psychological evaluations; (2) terminate the legal guardianship; (3) set a section 366.26 hearing; and (4) assign educational rights to A.K.'s care provider. Guardian thereafter requested a contested review hearing.

In September 2025, the agency filed a supplemental petition pursuant to section 387 alleging A.K.'s relative placement was no longer suitable. Guardian requested a contested hearing on re-detention, which was conducted on September 23, 2025. The juvenile court sustained the petition. A.K. and her sibling were moved from their relative placement to a foster home, which was noted to be a concurrent placement for adoption in the case of nonreunification.

The contested reunification status review hearing was eventually conducted on November 4, 2025. County counsel noted that due to its timing, it would be considered a combined six- and 12-month review hearing. Guardian was present and represented by counsel. Extensive testimony was taken. One of the clinicians who performed one of guardian's psychological evaluations testified on behalf of the agency as to the contents of his report and experiences with evaluating guardian. Guardian testified on her behalf, during which she stated she disagreed with the clinician's findings, disputed portions of his testimony, asserted she had completed her services and that there was no reason A.K. should have been removed, and requested family maintenance services. Guardian also cross-examined the social worker, who testified that she told guardian the agency did not

---

[6] Section 361.5, subdivision (b)(2) provides that reunification services need not be provided when a court finds by clear and convincing evidence "[t]hat the parent or guardian is suffering from a mental disability [described by enumerated provisions of the Family Code] that renders the parent or guardian incapable of utilizing those services." (§ 361.5, subd. (b)(2).)

approve of the services she was participating in and that guardian had not completed agency-approved services.

Following the presentation of evidence and argument, the juvenile court noted that guardian's testimony was "diametrically opposed to that of the social worker." The court noted her demeanor on the stand "was awful" and that she was "completely unbelievable." The court made the following findings: (1) return of A.K. to the guardian would be detrimental as guardian had failed to complete her court-ordered treatment plan; (2) reasonable services had been offered to guardian, and the agency had complied with the case plan; (3) guardian failed to participate regularly and make substantive progress in the court-ordered treatment program; (4) guardian was suffering from a mental disability that rendered her incapable of utilizing services; and (5) guardian's progress had been "minimal." The court ordered guardian's reunification services terminated and set a section 366.26 hearing for February 19, 2026. The court further stated, "All orders contained in the proposed order not specifically recited are hereby adopted by the Court."

The juvenile court reconvened two days later on November 6, 2025. County counsel brought to the court's attention that though the court intended to adopt all of the agency's recommended findings and orders at the November 4, 2025 hearing, "It was never stated on the record that the termination of guardianship was approved and the assignment of educational rights so that is not on the minute order." County counsel requested the orders be expressly stated on the record "so it also appears on the minute order." The court responded, "The guardianship is terminated and educational rights are assigned to the current caregiver." The section 366.26 hearing date was moved to February 11, 2026, and the February 19, 2026 date was vacated.

On January 27, 2026, this court ordered a stay of the section 366.26 hearing set for February 11, 2026.

## DISCUSSION

Guardian contends she was not provided notice of the November 6, 2025 hearing where she claims the juvenile court terminated the guardianship and limited her educational rights. Guardian's claim is based on an incorrect premise belied by the record and is meritless.

The record reveals that the guardianship was terminated and educational rights were limited at the November 4, 2025 hearing at which guardian was present and participated, not at the November 6, 2025 hearing as guardian asserts. On November 4, 2025, the juvenile court adopted "[a]ll orders contained in the proposed order not specifically recited," which included the guardianship being terminated and educational rights being assigned to A.K.'s current care provider. The purpose of the November 6, 2025 hearing was merely to clarify orders that were made at the November 4, 2025 hearing; nothing substantive occurred. Thus, guardian was not entitled to notice of the November 6, 2025 hearing.

To the extent guardian is contending she was not properly noticed that her guardianship may be terminated at the November 4, 2025 hearing in violation of her due process rights, this contention is also without merit. Due process requires adequate notice including the nature of the hearing and an opportunity to be heard. (*In re A.H.* (2022) 84 Cal.App.5th 340, 363.)

Here, guardian received actual notice of the hearing evidenced by her personal presence. She received notice of the nature of the proceedings, as she was personally served with the agency's report clearly setting forth the recommendation that guardian's reunification services and the guardianship be terminated, and the evidence and reasoning in support thereof. The agency's report was statutorily sufficient notice of its recommendation to terminate the guardianship, and the hearing on termination of guardianship was permissibly held simultaneously with a regularly scheduled hearing. (See rule 5.620(e).) Guardian was represented by counsel at the hearing and presented

6.

evidence including her own testimony. While the focus of the hearing was on whether guardian should receive further reunification services, this issue was inextricably related to the issue of whether the guardianship should be terminated.

Additionally, the juvenile court was authorized to terminate the probate guardianship at the agency's request, upon a finding by a preponderance of the evidence that doing so was in the best interest of the child. (*In re Z.F.* (2016) 248 Cal.App.4th 68, 73; see § 728, subd. (a).) Here, the court's findings and orders at the review hearing, including that returning A.K. to guardian's care would be detrimental, that guardian had made minimal progress in her case plan, and that guardian would not benefit from additional reunification services (findings that are unchallenged by guardian's petition, which only raises the issue of notice), overwhelmingly support that the termination of the guardianship was in A.K.'s best interest.

In sum, guardian was not entitled to notice of the November 6, 2025 hearing as her guardianship had already been terminated and, in any event, nothing substantive took place. With regard to the November 4, 2025 hearing, we find no due process violation and that the guardianship was properly terminated.

## DISPOSITION

The petition for extraordinary writ is denied. The stay on the section 366.26 hearing, filed on January 27, 2026, is lifted. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).

7.